972 F.2d 1355
 14 ITRD 1520
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NTN BEARING CORP. OF AMERICA, American NTN Bearing Mfg.
Corp. and NTN Toyo Bearing Co., Ltd., Plaintiffs-Appellants,
v.
UNITED STATES and Robert Mosbacher, Secretary of Commerce,
Defendants-Appellees,
and
The Torrington Co., Defendant-Appellee.
 No. 91-1294.
 United States Court of Appeals, Federal Circuit.
 June 30, 1992.
 
 Before RICH, MAYER and PLAGER, Circuit Judge.
 PLAGER, Circuit Judge.
 
 
 1
 NTN Bearing Corporation of America, American NTN Bearing Mfg. Corp. and NTN TOYO Bearing Co., Ltd. (collectively, NTN) appeal from a decision of the United States Court of International Trade (No. 89-06-00350, February 28, 1991). The Court of International Trade affirmed the International Trade Administration's (ITA's) determination that The Torrington Co. (Torrington) had standing to file an antidumping duty petition regarding certain imported antifriction bearings and parts. We affirm.
 
 BACKGROUND
 
 2
 On March 31, 1988, Torrington filed an antidumping duty petition with the ITA, requesting the commencement of an antidumping investigation, pursuant to 19 U.S.C. § 1673a(b)(1). The petition complained of certain finished and unfinished antifriction bearings and parts thereof, imported from the Federal Republic of Germany, France, Italy, Japan, Romania, Singapore, Sweden, Thailand and the United Kingdom. In its petition, Torrington alleged that it was an interested party and that it was filing the petition on behalf of the domestic industry, as required by the statute.
 
 
 3
 During the investigation, NTN and other parties asserted that Torrington lacked standing to file the petition--that Torrington had in fact not filed the petition "on behalf of" the domestic industry. The ITA sent questionnaires to bearing manufacturers in an attempt to determine what proportion of the domestic industry opposed Torrington's petition. In its final determination, the ITA found that a major proportion of the domestic industry had not opposed the petition. Therefore, the ITA concluded that Torrington's filing was "on behalf of" the domestic industry.
 
 
 4
 NTN brought an action in the Court of International Trade, challenging the ITA's determination that Torrington had standing to file the petition. The Court of International Trade upheld the ITA's determination as reasonable and consistent with the intent of the statute. NTN appealed to this court, arguing that a petitioner has standing to file "on behalf of" a domestic industry, as required by 19 U.S.C. § 1673a(b)(1), only when the petitioner establishes that a majority of that industry supports the petition.
 
 DISCUSSION
 
 5
 After this case was argued, this court issued a precedential decision addressing this question--Suramerica v. United States, Nos. 91-1015, -1050 & -1055, --- F.2d ----, --- Fed.Cir. (T) ---- (June 11, 1992). In Suramerica, Commerce similarly initiated antidumping and countervailing duty investigations, without having first examined the degree of support by the domestic industry, in response to a petition filed "on behalf of" the domestic industry by an interested party. In that case, the Court of International Trade, contrary to its position here, held on appeal that the petitioner must show that a majority of the domestic industry affirmatively supports its petition.
 
 
 6
 This court reversed, and upheld Commerce's actions on the petition. Commerce clearly has broad discretion in determining when to initiate an investigation, whether on its own or in response to a petition filed under 19 U.S.C. § 1673a(b)(1) (1988). Suramerica.
 
 
 7
 In the present action, the ITA's interpretation and application of the statute is permissible. On the record before us, the Court of International Trade did not err in upholding the decision of the ITA.